IN THE CIRCUIT COURT FOR BALTIMORE COUNTY MARYLAND

| | |
|---|---|
| **Cimon Lovess**<br>5546 Channing Rd<br>Baltimore, MD 21229<br><br>    Plaintiff,<br><br>v.<br><br>**Discover Financial Services Inc.**<br>Serve:  C T Corporation System<br>        208 South Lasalle Street, Suite 814<br>        Chicago, IL 60604<br><br>    Defendant,<br><br>**American Express Company**<br>Serve:  C T Corporation System<br>        111 8th Avenue<br>        New York, NY 10011<br><br>    Defendant,<br><br>**OneMain Financial, Inc.**<br>Serve:  The Corporation Trust Incorporated<br>        351 West Camden Street<br>        Baltimore, MD 21201<br><br>    Defendant,<br><br>**Credit One Financial**<br>Serve:  Nat'l Registered Agents, Inc. of NV<br>        311 South Division Street<br>        Carson City, NV 89703<br><br>    Defendant,<br><br>**Colony Brands, Inc.**<br>Serve:  Corporation Service Company<br>        8040 Excelsior Drive, Suite 400<br>        Madison, WI 53717<br><br>    Defendant,<br><br>**Hospital Medicine Associates, LLC** | CIVIL ACTION NO. 03C15003480<br>**JURY TRIAL DEMANDED** |


EXHIBIT A

| | |
|---|---|
| Serve: CSC-Lawyers Incorp. Service Co.<br>7 Saint Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>Defendant, | )<br>)<br>)<br>)<br>)<br>) |
| **Healthcare Revenue Recovery Group, LLC**<br>Serve: CSC-Lawyers Incorp. Service Co.<br>7 Saint Paul Street, Suite 820<br>Baltimore, MD 21202<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Receivables Outsourcing, Inc.**<br>Serve: The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) |
| **Experian Information Solutions, Inc.**<br>Serve: The Corporation Trust Incorporated<br>351 West Camden Street<br>Baltimore, MD 21201<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT AND JURY DEMAND

Plaintiff, Cimon Lovess, files this complaint against the Defendants and alleges as follows:

### PRELIMINARY STATEMENT

1. This is an action for actual, statutory and punitive damages, costs and attorney's fees brought pursuant to the Fair Credit Reporting Act, 15 U.S.C. §1681 *et seq.* ("FCRA"), the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA"), the Maryland Consumer Protection Act, Md. Code Ann., Com. Law §13-101 *et seq* ("MCPA") and defamation.

## PARTIES

2. The plaintiff is a natural person and resides in Baltimore, Maryland. She is a "consumer" as defined by the FCRA, 15 U.S.C. §1681a(c) and FDCPA, 15 U.S.C. §1692a(3)..

3. Defendants Discover Financial Services Inc. ("Discover") and American Express Company ("AMEX") are two of the biggest national financial services that issues credit cards.

4. Defendant OneMain Financial, Inc. ("OneMain") is formerly known as CitiFinancial and OneMain advertises it services as "help[ing] provide personalized loan solutions."

5. Defendant Credit One Financial ("Credit One") is a bank holding company registered in Nevada. Credit One Bank, a U.S. based bank specializing in credit cards, is held by Credit One. Credit One Financial is a wholly owned subsidiary of Sherman Financial Group, LLC.

6. Defendant Colony Brands, Inc. ("CBI") was formerly known as The Swiss Colony, Inc. but changed its name to CBI to better reflect its position as a parent company for an extensive portfolio of food and non-food catalogs, internet and subsidiaries. Seventh Avenue Catalog is a part of the CBI portfolio.

7. Defendant HRRG owns or dba as ARS Account Resolution Services ("ARS"), which is in the business of collecting medical debts. HRRG is a subsidiary of HMA. Defendants HRRG is licensed as collection agency with the state of Maryland and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. S 1692a(6).

8. Defendant ROI is in the business of collecting medical debts. ROI is licensed as collection agency with the state of Maryland and is a "debt collector" within the meaning of the FDCPA, as defined at 15 U.S.C. S 1692a(6).

9. Defendant Experian Information Solutions, Inc. ("Experian") is a "consumer reporting agency," ("CRAs") as defined in 15 U.S.C. §1681a(f).

## FACTS

10. Plaintiff obtained her credit reports and found:

   (i) Defendants ARS and ROI were reporting two paid medical collection accounts; and

   (ii) Defendants Discover, OneMain, Credit One, AMEX and CBI had obtained her Experian credit report.

### *Medical Collection Accounts*

11. Several years ago Ms. Lovess fell ill and incurred medical bills with certain medical institutions and/or providers.

12. Defendants ARS and ROI contacted Plaintiff in connection with some alleged medical debts. ARS claimed Ms. Lovess owed $41.00 to Emergency Physicians Association of Maryland and ROI claim she owed $73.00 to GBMC.

13. Upon information and belief Plaintiff did not owe any outstanding balance to GBMC or Emergency Physicians Association of Maryland.

14. Neither ARS nor ROI could explain with any level of detail why Plaintiff owed the subject amounts. Upon Plaintiff's recent request for documentation on the debt, neither Defendant could provide any documentation supporting that a balance was owed or that the Defendants had a right to collect the debt.

15. Out of frustration the Plaintiff agreed to pay the illegitimate debts if the collection accounts would be removed from her credit reports.

16. The sole basis for Plaintiff paying the debt was to have it removed from her credit reports.

17. Plaintiff paid the debt and assumed the debts were removed from her reports as promised by the ARS and ROI.

18. It was not until Plaintiff sought to obtain credit that she realized ROI and ARS did not follow through on their agreement to remove the collection accounts.

19. Defendants ARS and ROI misrepresentation is especially egregious in light of the fact that medical debts are not reflective of an individual's credit worthiness in the first place. The reporting of medical debts is a misuse of the credit system and a deceitful method to collect a debt. Such practices have been in the ire of consumer advocates for years now and recently the New York Attorney General obtained a settlement with the credit reporting agencies restricting the reporting of medical debts and removing paid medical debts.

### *Unauthorized Credit Pulls*

20. Discover obtained Plaintiff's credit report on 12/05/2014. Plaintiff did not receive a firm offer of credit from Discover and therefore it did not access Plaintiff's credit report for a permissible purpose.

21. AMEX obtained Plaintiff's credit report on 12/12/2014. Plaintiff did not receive a firm offer of credit from AMEX and therefore it did not access Plaintiff's credit report for a permissible purpose.

22. OneMain obtained Plaintiff's credit report on 02/24/2015. Plaintiff did not receive a firm offer of credit from One Main and therefore it did not access Plaintiff's credit report for a permissible purpose.

23. Credit One obtained Plaintiff's credit report on 04/29/2014, 06/09/2014, 07/21/2014 & 08/26/2014. Plaintiff did not receive a firm offer of credit from Credit One and therefore Credit One did not access Plaintiff's credit report for a permissible purpose.

24. Seventh Avenue or CBI obtained Plaintiff's credit report on 12/06/2013. Plaintiff did not receive a firm offer of credit from CBI or Seventh Avenue and therefore it did not access Plaintiff's credit report for a permissible purpose.

25. The foregoing unauthorized inquiries only appeared on Experian's credit report. Neither the Equifax report nor the Trans Union report contained any unauthorized inquiries. Experian has failed to maintain and/or employ reasonable procedures to prevent the release of Plaintiff's credit report for unauthorized and impermissible purposes.

## COUNT ONE: VIOLATIONS OF FCRA

26. Plaintiffs incorporate paragraphs 1-25 by reference.

27. Defendant Experian violated its obligations under 15 U.S.C. §1681e(b)(1) to follow reasonable procedures to assure maximum accuracy by relying on unreliable sources of information that do not maintain sufficient documentation to justify their reported debts.

28. Defendant Experian violated its obligations under 15 U.S.C. §1681e(a) to establish or follow reasonable procedures to avoid the disclosure of credit information for impermissible purposes.

29. The Defendants identified in paragraph 10 (ii) knowingly and willfully used deception and false pretenses to obtain Plaintiff's consumer report, by falsely representing or certifying that the report was being obtained for a permissible purpose.

30. Defendants' conduct in obtaining Plaintiff's credit report under false pretenses violates 15 U.S.C. §1681q.

31. Plaintiff was severely emotionally distraught when she learned that the Defendants had violated her privacy and troughed through personal credit information.

32. Plaintiff was so upset that she began helplessly crying.

33. Plaintiff had recently been a victim of identity theft where some criminal had gained access to her bank account and one of her credit cards.

34. Plaintiff feared again that she may have been the victim of identity theft and those bad memories arose again when she realized someone was messing with her credit information.

35. Plaintiff has suffered economically as well as she has expended time, money and resources investigating:

    (i) whether someone stole her identity,

    (ii) how to remove the inquiries and

    (iii) how to prevent such from happening again.

36. Defendants' conduct has caused the Plaintiff to incur both economic and emotional distress damages.

37. Plaintiff is seeking punitive damages in the amount of $40,000 for Defendants' willful violations of the FCRA under 15 U.S.C. §1681n. Plaintiff is also seeking actual damages in the amount of $8,000 for Defendants' negligent and willful violations of the FCRA under 15 U.S.C. §§1681n & 1681o. Additionally, Plaintiff is entitled to statutory damages of $1,000 for each FCRA violation against each Defendant and for her costs for bringing this action. Plaintiff also notes her right to obtain attorney and seek attorney fees.

## COUNT TWO: VIOLATIONS OF FDCPA

38. Plaintiffs incorporate paragraphs 1-37 by reference.

39. Defendants ARS & ROI do not have a legal right to the debt, thus the Plaintiff

was never indebted to NCO.

40. ARS & ROI know that it does not have a legal right to the debt.

41. Defendants knew they agreed to remove the false debt from the credit reports.

42. Therefore, ARS & ROI violated 15 U.S.C. §1692e(8) by communicating credit information to the credit bureaus that was known to be false.

43. Plaintiff seeks actual damages in an amount of $5,000, statutory damages in an amount of $1,000 and reserves her right to seek reasonable attorney's fees in the event she obtains counsel.

## COUNT THREE: VIOLATIONS OF MCPA

44. Plaintiffs incorporate paragraphs 1-43 by reference.

45. ARS & ROI violated the MCPA by misleading the Plaintiff to believe that they would remove the collection account from the credit report in exchange for the Plaintiff's payment of the false debt.

46. Plaintiff paid ARS & ROI under the belief that they would remove the collection accounts from her credit reports.

47. ARS & ROI also violated the MCPA §13-301(13)( iii) when they violated the MCDCA at §14-202(8) by claiming a right to collect the debt while knowing they had no legal right to collect the debt.

48. As a result of the Defendants violations, the Plaintiff suffered actual damages including: a loss of money, frustration, anger, humiliation, embarrassment, headaches, sleeplessness, depression, severe mental distress and severe emotional distress.

49. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering them liable for actual damages of $10,000 pursuant to §14-203 and §13-408(a), and for

attorney's fees pursuant to MCPA, §13-408(b).

## COUNT FOUR: DEFAMATION

50. Plaintiffs incorporate paragraphs 1-49 by reference.

51. ARS & ROI intentionally and maliciously instructed the credit bureaus to report publicly that Plaintiff had a collection account.

52. Defendants' statements to the credit bureaus that Plaintiff had a collection account were falsely published without a privilege.

53. As a result of Defendants' publication, Plaintiff's has suffered $10,000 in actual damages including but not limited to: out-pocket expenses, frustration, upset, humiliation and embarrassment, emotional and mental pain and suffering.

54. Defendants' conduct was the proximate cause of Plaintiff's injuries, rendering ARS & ROI liable for compensatory damages.

WHEREFORE, Plaintiff requests $33,000 in actual damages; $40,000 in punitive damages; $12,000 in statutory damages; costs for prosecuting this action; and Plaintiff reserves her right to request legal fees in the event she retains an attorney.

**TRIAL BY JURY IS DEMANDED.**

Dated: March 27, 2015

    Respectfully submitted,

    **CIMON J. LOVESS**

---

Cimon J. Lovess
5546 Channing Rd
Baltimore, MD 21229
Tel: 443-248-2609

*Pro Se Plaintiff*